21-6093
Singh v. Garland

BIA
Poczter, IJ
A205 833 485

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of April, two thousand twenty-three.

PRESENT:
>           MICHAEL H. PARK,
>           STEVEN J. MENASHI,
>           ALISON J. NATHAN,
>                 *Circuit Judges.*

_____

PAWANDEEP SINGH,
>      *Petitioner*,

>      **v.**                                          **21-6093**
>                                                       **NAC**

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
>      *Respondent.*

_____

**FOR PETITIONER:**     Suraj Raj Singh, Esq., Richmond Hill, NY.

**FOR RESPONDENT:**     Brian Boynton, Acting Assistant Attorney General; Holly M. Smith, Assistant Director; Christin M. Whitacre, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Pawandeep Singh, a native and citizen of India, seeks review of a January 29, 2021 decision of the BIA affirming a July 13, 2018 decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Pawandeep Singh*, No. A205 833 485 (B.I.A. Jan. 29, 2021), *aff'g* No. A205 833 485 (Immigr. Ct. N.Y.C. July 13, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as modified by the BIA, *i.e.*, minus the specific findings that the BIA declined to rely on. *See Xue Hong Yang v. U.S. Dep't of Just.*, 426 F.3d 520, 522 (2d Cir. 2005). "We review . . . adverse credibility findings[] under the substantial evidence standard," *Hong Fei Gao v. Sessions*, 891

F.3d 67, 76 (2d Cir. 2018), and "the administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary," 8 U.S.C. § 1252(b)(4)(B).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on . . . the consistency between the applicant's or witness's written and oral statements (whenever made and whether or not under oath, and considering the circumstances under which the statements were made), the internal consistency of each such statement, the consistency of such statements with other evidence of record . . . , and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." *Id.* § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76. Singh asserted that he is Sikh and a member of the Shiromani Akali Dal Amritsar political party and that the police and members of the Congress Party first threatened him in February 2011, and then abducted and beat him in June

2011 because of his political activities. Substantial evidence supports the adverse credibility determination.

The agency reasonably relied on inconsistencies in Singh's testimony and between his testimony and application. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Singh gave inconsistent descriptions of the alleged abduction: his written statement provided that he recognized his abductors as members of the Congress Party; but he testified that he was abducted by people in police uniforms. The agency did not err in concluding that the fact that his abductors wore police uniforms is a fact that an applicant would likely include in an application, particularly where, as here, Singh noted at the end of his written statement that he believed the police and Congress Party were "involved together." *See Hong Fei Gao*, 891 F.3d at 78 ("[T]he probative value of a witness's prior silence on particular facts depends on whether those facts are ones the witness would reasonably have been expected to disclose."). The agency was not required to accept Singh's explanation that he mentioned some connection between the Congress Party and the police even if his written statement did not identify his abductors as police. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate

that a reasonable fact-finder would be *compelled* to credit his testimony." (quotation marks omitted)). The agency also reasonably relied on an inconsistency regarding the threats Singh received: Singh's written statement reported threats in February 2011, and stated that months passed without incident before his abduction in June; but he testified about receiving threats in March and May of that year.

The agency also reasonably relied on inconsistencies between Singh's statements and his supporting documents. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Singh submitted two versions of supporting letters from his mother and best friend, which were inconsistent as to (1) the number of times he was threatened and attacked; (2) when he joined his political party; and (3) whether he sought help from the police after he was attacked. The IJ reasonably rejected Singh's explanation that the original letters were not read back to their authors in their best language because both letters contain signed verifications that the contents were true and correct to the best of the declarants' knowledge. *See Majidi*, 430 F.3d at 80. The agency is permitted to rely on inconsistencies between an applicant's statement and statements of his witnesses, particularly when, as here, there are direct inconsistencies in those statements. *See Hong Fei Gao*, 891 F.3d at 78.

The agency also relied on Singh's failure to provide reliable corroborating evidence. "An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question." *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). The agency did not err because the original letters from Singh's mother, friend, and the head of his village were inconsistent with his own statements, and the IJ was not required to credit the amended letters. *See Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013) ("We generally defer to the agency's evaluation of the weight to be afforded an applicant's documentary evidence."). Additionally, the letter from Singh's political party did not mention the past harm he alleged.

In sum, taken together the inconsistencies and omissions and the lack of reliable corroboration provide substantial evidence for the adverse credibility determination. *See Likai Gao v. Barr*, 968 F.3d 137, 145 n.8 (2d Cir. 2020) ("[E]ven a single inconsistency might preclude an alien from showing that an IJ was compelled to find him credible. Multiple inconsistencies would so preclude even more forcefully."); *Xiu Xia Lin*, 534 F.3d at 167. Although the BIA concluded that Singh waived withholding of removal and CAT relief by not arguing those claims

6

on appeal, the IJ denied all relief based on the adverse credibility determination, which Singh did challenge on appeal.  There was no independent basis for the denial of his withholding and CAT claims that he could have raised before the BIA.  However, remand is not warranted to correct this error because the adverse credibility determination is dispositive given that Singh's claims for asylum, withholding of removal, and CAT relief were all based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.  All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court
